IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOMEOWNERS LOAN CORP., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:06-CV-1304-JOF |
| NORTH AMERICAN : | |
| COMMUNICATIONS, INC., : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion to dismiss [8-1], Defendant's motion to stay [8-2], and Defendant's motion to transfer.

This dispute evolves out of the end of a business relationship between Plaintiff, Homeowners Loan Corp., and Defendant, North American Communications, Inc. Plaintiff's counsel sent Defendant a letter dated May 18, 2006, which explained Plaintiff's position on why Defendant owed Plaintiff sums of money. The letter further stated that Plaintiff "has instructed us to commence litigation against [Defendant] if it does not remit prompt payment of all sums due to [Plaintiff] by the close of business on Friday, May 26, 2006."

On May 26, 2006, Defendant filed a lawsuit against Plaintiff in the Court of Common Pleas, Blair County, Pennsylvania. Pursuant to Pennsylvania law, Defendants did so by filling

with the prothonotary a praecipe for writ of summons. On May 31, 2006, Plaintiff filed a complaint in this court against Defendant raising claims of breach of contract, conversion, and seeking a declaratory judgment. On June 12, 2006, Defendant filed its complaint in the Pennsylvania action which raised claims of breach of contract and also sought a declaratory judgment. On June 27, Defendant filed a motion to dismiss or to stay the current action in this court. On July 3, 2006, Plaintiff removed the Pennsylvania action to the United States District Court for the Western District of Pennsylvania. On July 11, Plaintiff filed a motion in the Pennsylvania action to dismiss the case or to transfer the case to this district.

Although Plaintiff's initial motion sought dismissal under the *Colorado River* abstention doctrine, as the Pennsylvania case has been removed from Pennsylvania State Court to United States District Court for the Western District of Pennsylvania, both parties have treated their subsequent briefing as if Defendant had filed a motion to dismiss, transfer or stay the case applying first-filed rule analysis. The court will do the same.

Defendant moves the court to dismiss, stay the case, or transfer to the United States District Court for the Western District of Pennsylvania under the first-filed rule. Neither party disputes that both the Georgia and Pennsylvania suits concern the same transaction and occurrence. "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir 1971). Further, several district courts have held that it is for the court in which

2

AO 72A
(Rev.8/82)

the action was first filed to decide whether the case should continue in that jurisdiction or in the jurisdiction where the matter was later filed. *See, e.g., Street v. Smith*, 456 F. Supp.2d 761, 768 (S.D. Miss. 2006); *Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp.2d 1333, 1338 (N.D. Ga. 2005). Therefore, as this matter was first filed in Pennsylvania, this court finds that it is for the Pennsylvania court to decide whether the first-filed rule should be applied in this matter.

As such, the court DENIES Defendant's motion to dismiss [8-1], Defendant's motion to stay [8-2], and Defendant's motion to transfer. This action is STAYED pending the decision of the United States District Court for the Western District of Pennsylvania as to whether or not the first-filed rule should or should not apply to this case and the related litigation in the United States District Court for the Western District of Pennsylvania.

**IT IS SO ORDERED** this 12th day of February 2007.

          s/ J. Owen Forrester
          J. OWEN FORRESTER
   SENIOR UNITED STATES DISTRICT JUDGE